SCHIEFFELIN & CO., Appellant,

v.

The UNITED STATES, Appellee.

Customs Appeal No. 74–16.

United States Court of Customs and Patent Appeals.

Nov. 7, 1974.

Barnes, Richardson & Colburn, New York City, attorneys of record, for appellant; James F. Donnelly and James S. O'Kelly, New York City, of counsel.

Carla A. Hills, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Gilbert Lee Sandler, New York City, for the United States.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

LANE, Judge.

This appeal is from the judgment of the United States Customs Court, First Division, Appellate Term, 360 F.Supp. 1386, 71 Cust.Ct. 209, A.R.D. 317 (1973), affirming the judgment of a single judge sitting in reappraisement, 67 Cust.Ct. 549, R.D. 11759 (1971). The parties agree that export value, as defined in section 402(b) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1401a(b),[1] is the proper basis for valuation, and the sole controversy now is over the inclusion of a $2.00 per case "advertising allowance" in arriving at export value. The trial court and the Appellate Term held that the $2.00 per case advertising allowance was properly included in determining export value. We affirm.

The merchandise consists of two shipments of Bras Arme Cognac brandy in one-tenth gallon bottles packed 24 per case (2.4 gallons per case) produced in Cognac, France, by Jas. Hennessy & Co. (Hennessy) and exported in September and November, 1964 to Hennessy's selected purchaser in the United States, Schieffelin & Co. (Schieffelin), the importer-appellant here. The record indicates that Schieffelin was the exclusive distributor in the United States for Hennessy Cognac. The Appellate Term opinion contains a sufficient statement of the historical background relating to the so-called "Chicken War" Proclamation (Presidential Proclamation No. 3564, issued December 4, 1963, effective January 7, 1964) and how that proclamation induced Hennessy and Schieffelin to change their method of invoicing in an effort to avoid the $5 per gallon duty on brandy valued over $9.00 per gallon (which extrapolates to a case containing 2.4 gallons of brandy valued over $21.60). We adopt that portion of the Appellate Term opinion as our own.

The subject brandy was entered at the port of New York at an invoice price of $21.495 per case. This figure represents Hennessy's FOB French port list price of $25.40 per case, less a 7½ percent distributor's discount, less the disputed $2.00 per case advertising allowance. The merchandise was appraised on the basis of export value at a higher value (above the invoice price and also above $21.60 per case) which in effect included the $2.00 per case advertising allowance. The trial court found as a fact that the brandy was sold in France for exportation to the United States in the ordinary course of trade and in the usual wholesale quantities at a price of $25.40 per case, less a 7½ percent distributor's discount (net price $23.495 per case), which price fairly reflected the market value of such merchandise. The trial court concluded as a matter of law that the export value was $25.40 per case, less the 7½ percent distributor's discount (net value $23.495 per case). The Appellate Term affirmed and incorporated by reference the trial judge's findings of fact and conclusions of law.

In this court, as before the trial court and the Appellate Term, appellant's contention is that the invoice price of $21.-495 per case is the export value.

[1] 19 U.S.C. § 1401a(b) reads as follows:
(b) Export Value.—For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

■ Since this is a reappraisement case in which the trial commenced before October 1, 1970, the following statute controls the scope of our review:

28 U.S.C. § 2637. Review of decisions of divisions

The decision of a division of the Customs Court, in any matter within its jurisdiction shall be the decision of such court, and shall be final and conclusive upon all parties, unless a party to such proceeding takes an appeal to the Court of Customs and Patent Appeals within the time and manner provided in section 2601 of this title, but *if the decision relates to a reappraisement of merchandise, such appeal to the Court of Customs and Patent Appeals shall be upon questions of law only.* [Emphasis added.]

This is the old version of 28 U.S.C. § 2637, i. e.—prior to the amendment made by The Customs Courts Act of 1970, Pub. L.No.91–271, 84 Stat. 274, effective October 1, 1970. Since the trial of the instant case commenced on February 4, 1970, the old section applies by virtue of § 122(a) of Pub.L.No.91–271, 84 Stat. 281.

The effect of the statute is that the findings of fact of an Appellate Term of the Customs Court in a reappraisement case will not be disturbed if there is substantial evidence in support of those findings. It is not our province to weigh the evidence. See Bud Berman Sportswear, Inc. v. United States, 60 CCPA 34, C.A.D. 1077, 469 F.2d 1107 (1972), and United States v. Josef Mfg., Ltd., 59 CCPA 146, C.A.D. 1057, 460 F.2d 1079 (1972).

The Appellate Term found that prior to 1964 Schieffelin placed advertising and laid out money for Hennessy (for which it was subsequently reimbursed) to promote the sale of Hennessy products in the United States. The Appellate Term further found that during 1964 this method of doing business did not change in substance, although there was a change in form. During 1964, instead of making periodic reimbursements to Schieffelin on a lump sum basis, Hennessy paid for such advertising *in advance* by subtracting the $2.00 per case advertising allowance from the FOB list price of Bras Arme tenths.

■ An importer may change his method of doing business to reduce customs duties, but as in Bud Berman Sportswear, Inc. v. United States, supra, the question here is not one of motives but whether or not a change in substance was actually effected.

■ We agree with the Appellate Term that there was no change in the manner of doing business but simply a change in the invoicing procedure. The record amply supports the finding that during 1964 the $2.00 per case advertising allowance was part of Hennessy's general business expense incurred in connection with its exports to the United States. The correspondence between Hennessy and Schieffelin found in Defendant's Exhibit B clearly shows that during 1964, as in 1963, Hennessy was intent on bearing the major portion of actual advertising expenses in the United States. Also, the testimony of Mr. Gerald deGeoffre deChabrignac, one of the three managing directors of Hennessy indicates that the $2.00 per case advertising allowance was entered on the Hennessy accounting books as an amount spent for advertising. Hence, the $2.00 per case advertising allowance was a means for transmitting Hennessy's advertising funds to Schieffelin, and therefore, this amount was one of Hennessy's expenses. This characterization, formulated by the trial court and adopted by the Appellate Term, is supported by substantial evidence.

■ Having found that this amount of advertising placed in the United States during 1964 ($2.00 per case of Bras Arme tenths) was one of Hennessy's expenses, it was correct for the Appellate Term to conclude that the $2.00 per case advertising allowance was properly included in the determination of the export value of the merchandise. See Erb

& Gray Scientific, Inc. v. United States, 53 CCPA 46, C.A.D. 875 (1966); Bud Berman Sportswear, Inc. v. United States, supra, and Norco Sales Co. v. United States, 319 F.Supp. 1399, 65 Cust. Ct. 778, R.D. 11732 (1970).

Since the $2.00 per case advertising allowance was properly included as a component of export value, appellant has not met its burden of proving that its claimed value (the invoice price of $21.495 per case) represented the export value of the merchandise. The judgement of the Customs Court is affirmed.

Affirmed.